

# THE ATTORNEY GENERAL

## OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

October 16, 1969

Honorable Ray A. Fowler, Secretary
Coordinating Board
Texas College and University System
Sam Houston Office Building
Austin, Texas

Opinion No. M-491

Re: Construction of Section
51.072(h),Texas Education Code,
concerning adoption of
resolutions by the governing
board of a junior college
district.

Dear Mr. Fowler:

By your recent letter to this office you have requested
an opinion on the following:

"....Whether the governing board of a public
junior college district is empowered to adopt a
resolution, as provided by Subsection (h) Section
51.072 of Subchapter E of House Bill No. 534, 61st
Legislature, Regular Session, 1969, allowing it to
continue to act and proceed by resolutions or
orders passed by the affirmative vote of a majority
of a quorum of said governing board, rather than by
the affirmative vote of a majority of all members
of said governing board, as provided in Subsection (d)
of the aforementioned act."

- 2340 -

You have further informed this office that the junior college board that prompted the question was a junior college formed with boundaries coterminous with an independent school district and commonly referred to as a Junior College District, and that after its formation the management, control and operation was vested in a separate board of trustees.

Upon the formation of a Junior College District, the Board of Trustees are governed by Article 2815h, Section 5, Vernon's Civil Statutes, which provides:

> "The Board of Trustees of Junior College Districts shall be governed in the establishment, management and control of the Junior College by the General Law governing the establishment, management and control of Independent School Districts, insofar as the General Law is applicable."
> (Emphasis added.)

The general law governing the board of trustees of independent school districts is found in Article 2779, Vernon's Civil Statutes, which provides:

> "Said trustees shall meet within twenty days after the election, or as soon thereafter as possible, for the purpose of organizing. A majority of said board shall constitute a quorum to do business ..." (Emphasis added.)

In accordance with Section 51.072(h), H.B. 534, Acts 61st Legislature, R.S. 1969, Ch. 889, p. 2709 (Texas Education Code), a junior college board of trustees has passed a resolution electing to be governed under the provisions of Article 2279, V.C.S., in carrying on its business.

The Texas Education Code provides for the governing boards of junior college districts and also enumerates the authority of these boards. Subchapter E of House Bill 534, supra.

Section 51.071 of the Code does not change the board of a junior college district which is managed by, or is under the management of, a governing board of an independent school district or a city school district.

Section 51.072(a) of the Code provides for the governing bodies and also enumerates the authority of junior college district boards other than those covered by Section 51.071.

Section 51.072(d) of the Code provides:

"...Said board shall act and proceed by and through resolutions or orders adopted or passed by the board and the affirmative vote of a majority of all members of the board shall be required to adopt or pass a resolution or order, and the board shall adopt such rules, regulations, and bylaws as it deems advisable, not inconsistent with this section." (Emphasis added.)

Section 51.072(h) of the Code provides:

"Notwithstanding anything in this code to the contrary, the provisions of all or any part of the laws of this state in effect immediately prior to the effective date of this act and relating to the name of any junior college district or the name of its governing board, or to the number of members of its governing board, or the procedures and times of electing or choosing said members, shall remain in effect under the following conditions. If, at any time before the effective date of this act (but not thereafter), the governing board of any junior college district shall specify by resolution or order the particular provisions of the aforesaid laws applicable to it which it desires to remain in effect, then such particular provisions shall continue to apply to said board and its district; provided that at any time thereafter the governing board may make this section in its entirety

Honorable Ray A. Fowler, page 4 (M-491)

applicable to it and its district by appropriate resolution or order, and thereby permanently cancel the effect of the aforesaid particular provisions of other laws. All resolutions and orders permitted by this section shall be filed immediately with the Coordinating Board, Texas College and University System." (Emphasis added.)

By complying with the provisions of Section 51.072(h), supra, junior college districts were authorized to pass resolutions relating only to the name of the college, the name of the governing board, and the procedure and time for electing its members. We find no provision whereby the board of trustees of a junior college district, operating under the provision of Section 51.072, supra, may elect to operate under a former statute relating to the number of votes necessary to adopt resolutions. This matter falls clearly within the purview of Section 51.072(d), supra.

From a careful analysis of the above statutes it is the opinion of this office that resolutions passed by junior college district board of trustees, other than those governed and managed by independent school district boards, must be by the affirmative vote of a majority of all members of the board.

## S U M M A R Y

Resolutions of junior college district board of trustees operating under the provisions of Section 51.072, Texas Education Code, must be adopted by the affirmative vote of a majority of all members of the board.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Ray A. Fowler, page 5 (M-491)


Prepared by Gordon C. Cass
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Ray McGregor
David Longoria
Ivan Williams
Neil Williams

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant